

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00092-CR

Christopher **MORRISON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR4707
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:    Lori Massey Brissette, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: January 28, 2026

AFFIRMED

A jury convicted Christopher Morrison of two counts of the offense of deadly conduct. On appeal, Morrison argues the evidence is legally insufficient to support his conviction. After reviewing the record under the applicable standard of review, we conclude the evidence is sufficient to support the conviction. We affirm.

## BACKGROUND

Because this is a memorandum opinion and the parties are familiar with the facts, we do not recite them except as necessary to advise the parties of our decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Morrison was indicted on two counts of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE § 22.02. Morrison pled not guilty and was tried before a jury. The trial evidence reflects that Morrison fired a BB gun from his apartment toward the apartment complex swimming pool where a father and his three-year-old son were swimming. The jury found Morrison guilty of two counts of the lesser included offense of misdemeanor deadly conduct. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Morrison contends the evidence is legally insufficient to support his conviction.[1] According to Morrison, the State failed to prove the complainants were placed in imminent danger of serious bodily injury because the evidence did not establish that the BB gun was capable of causing serious bodily injury.

To determine whether evidence is sufficient to support a conviction, a reviewing court views all the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). This requires the reviewing court to defer to the jury's credibility and weight determinations because the jury is the sole judge of witnesses' credibility and the weight to be

---

[1]Morrison also argues the evidence is factually insufficient to support his conviction, but we need not address this complaint. "[T]he *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks*, 323 S.W.3d at 895 (Tex. Crim. App. 2010); *see also Butcher v. State*, 454 S.W.3d 13, 20 (Tex. Crim. App. 2015) (recognizing that *Brooks v. State* "abolished factual-sufficiency review as it applies to criminal convictions.").

given testimony. *Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 899. A reviewing court determines whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State,* 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). When the record supports conflicting inferences, a reviewing court must presume that the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *See Jackson,* 443 U.S. at 326; *Garcia v. State*, 367 S.W.3d 683, 686–87 (Tex. Crim. App. 2012).

A person commits the offense of misdemeanor deadly conduct if he "recklessly engages in conduct that places another in imminent danger of serious bodily injury." *See* TEX. PENAL CODE § 22.05(a),(e). At trial, the State presented evidence to support the deadly conduct convictions. The State's expert David Pendleton testified that the BB gun used in this case is fired by using compressed gas. Pendelton performed a velocity test on the BB gun. A velocity test measures how fast a projectile is launched from the barrel by using a piece of equipment called a chronograph. Pendelton compared the results of the velocity test on the BB gun, which was 315.4 to 337.40 feet per second, with the minimum threshold needed to cause bodily harm, which is 246 to 249 feet per second. Pendelton also relied on the BB gun owner's manual, which states the BB gun is capable of causing serious bodily injury or death.

Morrison argues that because Pendelton's velocity test was performed in a laboratory environment and was not tested using the actual distances at the scene, Pendleton could not conclude that the distance from the shooter's apartment was close enough to cause serious bodily injury. Although Pendleton had not test-fired the BB gun outside of the laboratory, the jury could have rationally considered the results of Pendleton's velocity testing on the BB gun, which

exceeded the velocity considered necessary to cause serious bodily injury, and could have reasonably concluded the BB gun was capable of causing such an injury at distances greater than that which existed in the laboratory. Such a reasonable inference was further supported by the approximate distance between Morrison's balcony and the swimming pool, and testimony from one of the complainants, Jesse Yzaguirre, who was in the swimming pool with his three-year-old son at the time of the incident. Yzaguirre testified that he heard three loud splashes in the pool, one of which was close to his head, and loud enough to resemble a bird falling into the water. He also heard the sound of breaking glass. The evidence also showed that, during the investigation, another tenant reported that a sliding glass door in a different apartment had been shattered by an unknown projectile. That apartment was located on the opposite side of the pool and faced the balcony of the unit where Morrison and the rifle barrel were observed. The police investigation determined the existence of a single hole in the shattered glass door consistent with damage caused by a BB projectile.

Based on the totality of the evidence, we conclude that the jury could have rationally found that the BB gun was capable of causing serious bodily injury. The judgment is therefore affirmed.

Adrian A. Spears II, Justice

DO NOT PUBLISH